UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
CHANDRAKALLI SUKHNANDAN,
FARHANA AKTER, and TARA SINGH-PALTOO, on
behalf of themselves and all others similarly situated,

                        Plaintiffs,

    - against -

ROYAL HEALTH CARE OF LONG ISLAND LLC d/b/a
ROYAL HEALTH CARE,

                        Defendant.
------------------------------------------------------------------- X

Case No.: 12 CV 4216

JUDGE PAULEY

**CLASS ACTION COMPLAINT**

Plaintiffs, CHANDRAKALLI SUKHNANDAN, FARHANA AKTER, and TARA SING-PALTOO, on behalf of themselves and all others similarly situated, by and through their attorneys SHULMAN KESSLER LLP, complaining of the defendant, allege as follows:

### INTRODUCTION

1. Defendant ROYAL HEALTH CARE OF LONG ISLAND, LLC d/b/a ROYAL HEALTH CARE (hereinafter referred to as "Royal Health Care" or "defendant") is a healthcare technology and services company that operates in New York.

2. Throughout the relevant period, Royal Health Care had a policy to deprive its marketing representatives, including plaintiffs, of earned overtime wages by requiring them to work off-the-clock.

3. Royal Health Care customarily and regularly deploys marketing representatives to one of defendant's fixed locations in order to enroll eligible individuals in a Medicaid program. Defendant's marketing representatives work long hours in order to meet aggressive quotas Royal Health Care imposes on them.

4. Plaintiffs bring this action on behalf of themselves and similarly situated current and former marketing representatives of Royal Health Care who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and specifically, the collective action provision of 29 U.S.C. §§ 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that have been deprived Plaintiffs and others similarly situated of their lawfully earned wages.

5. Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former marketing representatives of Royal Health Care located in the State of New York pursuant to the Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## STATEMENT PURSUANT TO LOCAL RULE 9

6. For purposes of complying with Local Rule 9, plaintiffs state that they have no corporate parent, subsidiary or affiliate and that there are no other interested parties.

## JURISDICTION & VENUE

7. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

9. Defendant does business in the State of New York, within the Southern District of New York, maintaining its principal place of business at 521 Fifth Avenue, 3rd Floor, New York,

New York 10173.

10. Accordingly, this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

11. The plaintiff CHANDRAKALLI SUKHNANDAN is a resident of the County of Queens, State of New York.

12. At all times relevant to the Complaint, plaintiff CHANDRAKALLI SUKHNANDAN was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

13. The plaintiff FARHANA AKTER is a resident of the County of Queens, State of New York.

14. At all times relevant to the Complaint, plaintiff FARHANA AKTER was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

15. The plaintiff TARA SINGH-PALTOO is a resident of the County of Queens, State of New York.

16. At all times relevant to the Complaint, plaintiff TARA SINGH-PALTOO was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

17. Upon information and belief, Royal Health Care was and still is a domestic limited liability corporation, organized and existing pursuant to the laws of the State of New York.

18. Defendant does business in New York, Queens, Kings, Richmond, Bronx, and Suffolk counties.

19. Defendant maintains its principal place of business at 521 Fifth Avenue, 3rd Floor, New York, New York.

20. Upon information and belief, Royal Health Care maintains control, oversight, and direction over its operations and employment practices.

21. At all times hereinafter mentioned, defendant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

22. At all times hereinafter mentioned, the activities of the defendant constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

23. At all times hereinafter mentioned, defendant employed employees, including the plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

24. At all times hereinafter mentioned, defendant's annual gross volume of marketing made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

25. Upon information and belief, there are approximately more than one hundred (100) current and former marketing representatives that are similarly situated to the plaintiffs CHANDRAKALLI SUKHNANDAN, FARHANA AKTER, AND TARA SINGH-PALTOO (collectively "plaintiffs"), who have been denied overtime compensation.

4

26. Plaintiffs bring the First Cause of Action, on behalf of themselves and all similarly situated persons who have worked for defendant as marketing representatives, who elect to opt-in to this action.

27. Plaintiffs represent other marketing representatives, and are acting on behalf of defendant's current and former marketing representatives' interests as well as their own interests in bringing this action.

28. Plaintiffs seek to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following class of persons:

> All marketing representatives who are currently or have been employed by the defendant and who worked greater than forty(40) hours per week (hereinafter referred to as the "FLSA Collective"), at any time during the three (3) years prior to the filing of their respective consent forms (hereinafter referred to as the "FLSA Collective Class Period").

29. Defendant was aware or should have been aware that the law required it to pay non-exempt employees, including plaintiffs and the FLSA Collective, an overtime premium of time and one half of all work-hours it suffered or permitted in excess of 40 per workweek. Upon information and belief, defendant applied the same unlawful policies and practices to its marketing representatives throughout the State of New York.

30. The FLSA Collective is readily identifiable and locatable through use of the defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the defendant.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## NEW YORK CLASS ALLEGATIONS

31.     Plaintiffs sue on their own behalf and as the class representatives (hereinafter referred to as the "New York Class Representatives") bring the Second Cause of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed R. Civ. P. 23(a) and (b). The New York Rule 23 Class is defined as:

> All marketing representatives who are currently, or have been employed by the defendant, in the State of New York at any time from the six (6) years prior to the filing of this Class Action Complaint to the entry of the judgment in the case, who worked greater than forty (40) hours per week (hereinafter referred to as the "New York Class" and the "New York Class Period," respectively.)

32.     The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of defendant.

33.     Upon information and belief, the size of the New York Class is at least one hundred (100) individuals.

34.     The Second Cause of Action is properly maintainable as a class action under Fed. R. Civ. Pro. 23(b)(3). There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

   a.   whether the defendant failed to keep accurate time records for all hours worked by the New York Class Representatives and the New York Class;

   b.   what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

   c.   whether the defendant failed to pay proper compensation to Plaintiffs and the Rule 23 Class for hours in excess of 40 per workweek in violation of and within the meaning

    of the N.Y. Lab. Law Article 6, § 190 *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

  d. the nature and extent of New York Class-wide injury and the appropriate measure of damages sustained by the New York Class Representatives and the New York Class;

  e. whether defendant acted willfully or with reckless disregarding in its failure to pay the New York Class Representatives and the New York Class; and

  f. the nature and extent of class-wide injury and the measure of damages for those injuries.

35. The New York Class Representatives fairly and adequately protects the interests of the New York Class and have no interests antagonistic to the class. The named plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

36. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against the corporate defendant. The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

37. Further, the New York Class Representatives and the New York Class have been equally affected by the defendant's failure to pay proper wages. Moreover, members of the New York Class still employed by the defendant may be reluctant to raise individual claims for fear of retaliation.

38. Defendant has acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

39. Plaintiffs' claims are typical of those of the New York Class. Plaintiffs and the other New York Class members were subjected to the defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records. The job duties of the named plaintiffs are typical of those of the class members.

40. A class action is superior to other available methods for the fair and efficient adjudication of this litigation- particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendant's practices.

## CLASS-WIDE FACTUAL ALLEGATIONS

41. Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have been victims of defendant's common policy and plan that has violated their rights under the FLSA and the NYLL by denying them overtime compensation. At all times relevant, defendant's unlawful policy and pattern or practice has been willful.

42. All of the work performed by Class Members was assigned by defendant and/or defendant was aware of all the work that plaintiffs and the Class Members performed.

43. Upon information and belief, defendant has a policy and pattern or practice to require the plaintiffs and Class Members to continue working after recording a maximum of eight (8) hours of work per workday in an effort to avoid paying overtime pursuant to the FLSA and NYLL.

44. Defendant failed to pay plaintiffs and Class Members time and a half for all hours worked over forty in a work week in violation of the FLSA and NYLL.

45. As part of its regular business practice, defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and NYLL. Defendant's policy and pattern or practice includes but is not limited to:

   a. Willfully failing to record all of the time that its employees, including plaintiffs and Class Members, have worked for the benefit of defendant;

   b. Willfully failing to keep payroll records as required by the FLSA and NYLL; and,

   c. Willfully failing to pay its employees, including plaintiffs and Class Members, overtime wages for hours that they worked in excess of 40 hours per week.

46. Defendant was or should have been aware that the FLSA and NYLL required it to pay its marketing representatives an overtime premium pay for hours worked in excess of forty (40) per week.

47. Defendant's failure to pay plaintiffs and the Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

48. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' FACTUAL ALLEGATIONS

49.  That the plaintiff CHANDRAKALLI SUKHNANDAN was employed by the defendant from in or about October 2004 until September 2011.

50.  Plaintiff CHANDRAKALLI SUKHNANDAN was an employee of the defendant, working under its direct supervision.

51.  That during the course of her employment with the defendant, the plaintiff CHANDRAKALLI SUKHNANDAN was a marketing representative.

52.  At all times hereinafter mentioned, plaintiff CHANDRAKALLI SUKHNANDAN was required to be paid overtime pay at the statutory rate of time and one-half her regular rate of pay after she had worked forty (40) hours in a workweek.

53.  Plaintiff CHANDRAKALLI SUKHNANDAN worked more than seventy-five (75) hours in most workweeks in which she was employed by the defendant.

54.  Defendant failed to compensate the plaintiff CHANDRAKALLI SUKHNANDAN for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times her regular hourly rate, throughout the entire term of her employment with the defendant.

55.  That the plaintiff FARHANA AKTER was employed by the defendant from in or about 2008 until September 2011.

56.  Plaintiff FARHANA AKTER was an employee of the defendant, working under its direct supervision.

57.  That during the course of her employment with the defendant, the plaintiff FARHANA AKTER was a marketing representative.

58.  At all times hereinafter mentioned, plaintiff FARHANA AKTER was required to be

paid overtime pay at the statutory rate of time and one-half her regular rate of pay after she worked forty (40) hours in a workweek.

59. Plaintiff FARHANA AKTER worked more than seventy-five (75) hours in most workweeks in which she was employed by the defendant.

60. Defendant failed to compensate the plaintiff FARHANA AKTER for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times her regular hourly rate, throughout the entire term of her employment with the defendant.

61. That the plaintiff TARA SINGH-PALTOO was employed by the defendant from in or about December 2007 until September 2008.

62. Plaintiff TARA SINGH-PALTOO was an employee of the defendant, working under its direct supervision.

63. That during the course of her employment with the defendant, the plaintiff TARA SINGH-PALTOO was a marketing representative.

64. At all times hereinafter mentioned, plaintiff TARA SINGH-PALTOO was required to be paid overtime pay at the statutory rate of time and one-half her regular rate of pay after she had worked forty (40) hours in a workweek.

65. Plaintiff TARA SINGH-PALTOO worked more than seventy-five (75) hours in most workweeks in which she was employed by the defendant.

66. Defendant failed to compensate the plaintiff TARA SINGH-PALTOO for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times her regular hourly rate, throughout the entire term of her employment with the defendant.

67. Defendant did not keep accurate records of hours worked by plaintiffs.

68. Defendant required plaintiffs to call-in at nine (9) o'clock A.M., irrespective of their actual start time each work day.

69. Defendant required plaintiffs to call-out at five (5) o'clock P.M., irrespective of when they ended their work each day.

70. Plaintiffs regularly made house calls to prospective clients after five (5) o'clock P.M.

71. Plaintiffs were not compensated for any of their travel time that occurred before nine o'clock A.M.

72. Plaintiffs were not compensated for any of their travel time that occurred after five o'clock P.M.

## FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS AND THE FLSA COLLECTIVE
## FOR FAILURE TO PAY OVERTIME
## A FLSA VIOLATION

73. Plaintiffs, on behalf of themselves and the FLSA Collective, repeat and reallege each and every allegation contained in paragraphs "1" through "72" of the Complaint, with the same force and effect, as if fully alleged herein.

74. Plaintiffs and the FLSA Collective Members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

75. Defendant employed plaintiffs and FLSA Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

76. Defendant employed plaintiffs and the members of the FLSA Collective as an employer and/or a joint employer.

77. Defendant failed to keep accurate records of time worked by plaintiff and the FLSA Collective.

78. Defendant's violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional.

79. Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the FLSA Collective.

80. Because defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

81. The plaintiffs have expressed their consent to make these claims against the defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit "A," annexed hereto).

82. As a consequence of the willful underpayment of wages, alleged above, the plaintiffs have incurred damages thereby and the defendant is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS AND THE NEW YORK CLASS
### FOR FAILURE TO PAY OVERTIME,
### A NYLL VIOLATION

83. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "82" of the Complaint, with the same force and effect, as if fully alleged herein.

84. Defendant employed plaintiffs and NY Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiffs for the time worked in excess of

forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of NYLL.

85. By the course of conduct set forth above, defendant has violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2.

86. Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by plaintiffs and Class Members.

87. Defendant has a policy and practice of refusing to pay overtime compensation to the plaintiffs, the New York Class Representatives, and the New York Class.

88. Defendant's failure to pay overtime compensation to the plaintiffs, the New York Class Representatives and the New York Class, was willful within the meaning of N.Y. Lab. Law § 663.

89. As a consequence of the willful underpayment of wages, alleged above, the plaintiffs have incurred damages thereby and the defendant is indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to the defendant's unlawful and willful conduct, as the Court deems just and proper.

90. Plaintiffs seek recovery of liquidated damages, attorneys' fees, and costs to be paid by the defendant as provided by the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs CHANDRAKALLI SUKHNANDAN, FARHANA AKTER, and TARA SINGH-PALTOO, on behalf of themselves and the FLSA Collective, on the first cause of action:

    a.    That, at the earliest possible time, plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three (3) years immediately preceding the filing of this suit, been employed by defendant as marketing representatives. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

    b.    unpaid wages;

    c.    An additional 100% as liquidated damages under the FLSA;

    d.    Judgment against defendant that its violations of the FLSA were willful;

    e.    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    f.    All costs and attorneys' fees incurred prosecuting these claims; and

    g.    For such further relief as the Court deems just and equitable.

WHEREFORE, the New York Class Representatives, on their own behalf and on behalf of the New York Class, pray for the following relief as follows, on the second cause of action:

    a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the New York Class;

    b.    Appointment of plaintiffs as Class Representatives and their counsel to represent the class;

    c.    Judgment against defendant for an amount equal to the New York Class Representatives and the New York Class Members' unpaid back wages;

d.  An additional 100% as liquidated damages under the NYLL;

e.  Pre-Judgment and Post-Judgment interest, as provided by the law;

f.  A declaratory judgment that the practices complained of herein are unlawful under the NYLL;

g.  Appropriate equitable and injunctive relief to remedy defendant's NYLL violations, including but not limited to an order enjoining defendant from continuing its unlawful practices;

h.  All costs and attorneys' fees incurred in prosecuting these claims; and

i.  For further relief as this Court deems just and equitable.

Dated: Melville, New York
       May 21, 2012

                                        Yours, etc.,

                                        SHULMAN KESSLER LLP


                                             /s/ Troy Kessler
                                        By: _____
                                            Troy L. Kessler, Esq.
                                            Marijana F. Matura, Esq.
                                            Ilan Weiser, Esq.
                                        *Attorneys for Plaintiffs and the
                                        Putative FLSA Collective and New York Classes*
                                        510 Broadhollow Road, Suite 110
                                        Melville, New York 11747
                                        (631) 499-9100
                                        tk@shulmankessler.com
                                        mm@shulmankessler.com
                                        iw@shulmankessler.com

## EXHIBIT "A"

Consent Forms

| CONSENT FORM |
|---|

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against my current/former employer, Royal Health Care LLC to secure any relief that may be awarded, including overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Royal Health Care LLC.

2. During the past three (3) years, there were occasions when I worked more than forty (40) hours in a week for Royal Health Care LLC, and I did not receive proper overtime compensation for those hours.

3. I authorize Shulman Kessler LLP to represent me in this case.

Date: 2-21-12

Signature: *Chedlalalli Sukhnan*

Print Name: Chandlalalli Sukhnandan

## CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against my current/former employer, Royal Health Care LLC to secure any relief that may be awarded, including overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Royal Health Care LLC.

2. During the past three (3) years, there were occasions when I worked more than forty (40) hours in a week for Royal Health Care LLC, and I did not receive proper overtime compensation for those hours.

3. I authorize Shulman Kessler LLP to represent me in this case.

Date: 02-27-12

_____
Signature

FARHANA AKTER
Print Name

# CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against my current/former employer, Royal Health Care LLC to secure any relief that may be awarded, including overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Royal Health Care LLC.

2. During the past three (3) years, there were occasions when I worked more than forty (40) hours in a week for Royal Health Care LLC, and I did not receive proper overtime compensation for those hours.

3. I authorize Shulman Kessler LLP to represent me in this case.

Date: 5.22.12

Signature: *Tara Singh Paltoo*

Print Name: Tara Singh Paltoo