IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANDRAKALLI SUKHNANDAN, FARHANA AKTER, TARA SINGH-PALTOO, and SONIA BAILEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>ROYAL HEALTH CARE OF LONG ISLAND LLC d/b/a ROYAL HEALTH CARE,<br><br>Defendant. | 12 Civ. 4216 (~~WHP~~)(RLE)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 9-3-13 |

~~[PROPOSED]~~ ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement, Provisional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notices of Settlement ("Motion for Preliminary Approval"). Defendants agreed, for settlement purposes only, not to oppose the motion.

I.   **Preliminary Approval of Settlement**

1.   Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Brian S. Schaffer ("Schaffer Decl."), the Declaration of Troy L. Kessler ("Kessler Decl."), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release

("Settlement Agreement") between Plaintiffs Chandrakalli Sukhnandan, Farhana Akter, Tara Singh-Paltoo, and Sonia Bailey (collectively "Plaintiffs") and Defendant Royal Health Care Of Long Island LLC d/b/a Royal Health Care ("Defendant"), attached to the Schaffer Decl. as Exhibit A, and "so orders" all of its terms.

2. Courts have discretion regarding the approval of a proposed class action settlement. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases because they and their counsel are in unique positions to assess potential risks. *See Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623 (PAC) *et al*, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009).

3. Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input. *Clark*, 2009 WL 6615729, at *3.

4. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and, in some cases, an informal presentation by the settling parties. *Clark*, 2009 WL 6615729, at *3 (*citing* Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002)). Courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *See Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472 (KBF)(DCF), 2012 WL 5862749, at *1 (S.D.N.Y. Nov. 15, 2012) (granting preliminary approval based on plaintiffs' memorandum of law, attorney declaration, and exhibits); *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030 (RJH)(DCF), 2012 WL 1058409, at *1 (S.D.N.Y. Mar. 12, 2012)

(same). To grant preliminary approval, the court need only find that there is "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (internal citation omitted). If the proposed settlement "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement. *Clark*, 2009 WL 6615729, at *3.

5. Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere. *See Hernandez*, 2012 WL 5862749, at *2 (endorsing early settlement of wage and hour class action); *In re Interpublic Sec. Litig.*, No. 02 Civ. 6527 (DLC), 2004 WL 2397190, at *12 (S.D.N.Y. Oct. 26, 2004) (early settlements should be encouraged when warranted by the circumstances of the case); *Castagna v. Madison Square Garden, L.P.*, No. 09 Civ. 10211 (LTS)(HP), 2011 WL 2208614, at *10 (S.D.N.Y. Jun. 7, 2011) (commending Plaintiffs' attorneys for negotiating early settlement); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 4082, 2010 WL 5507912 at *1 (S.D.N.Y. Nov. 29, 2010) (granting final approval of pre-suit class settlement in wage and hour case).

6. The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Danieli v. Int'l Bus. Machines Corp.*, No. 08 Civ. 3688 (SHS), 2009 WL 6583144 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted").

7. The Court finds that the Settlement Agreement is the result of extensive, arms'-

3

length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

8.  The assistance of an experienced employment mediator, Ralph Berger, Esq., reinforces that the Settlement Agreement is non-collusive. *See Tiro v. Public House Investments, LLC, et al.*, No. 11 Civ. 7679 (CM), 2913 WL 2254551, at *2 (S.D.N.Y. May 22, 2013) (*quoting Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693 (PGG), 2013 WL 1832181, at *2 (S.D.N.Y. Apr. 30, 2013) ("The assistance of an experienced JAMS employment mediator, [Vivian Shelansky of JAMS], reinforces that the Settlement Agreement is non-collusive"). "A settlement ... reached with the help of third-party neutrals enjoys a presumption that the settlement achieved meets the requirements of due process." *In re Penthouse Executive Club Comp. Litig.*, No. 10 Civ. 1145 (KMW), 2013 WL 1828598, at *2 (S.D.N.Y. Apr. 30, 2013) (internal quotation marks and citation omitted).

## II. Conditional Certification of the Proposed Rule 23 Settlement Class

9.  Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (discussing the advantages of certifying classes for settlement purposes); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271 (LTS), 2011 WL 382200, at *1 (S.D.N.Y. Jan. 21, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

10. For settlement purposes only, the Court provisionally certifies the following class under Fed. R. Civ. P. 23(e) ("Settlement Class"):

4

>All individuals identified by Defendant as employed by Defendant in the Marketing Representative and/or Retention Representative positions between May 29, 2006, and May 17, 2013, who were employed for eight (8) or more workweeks.

11.  For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

12.  Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 645 Rule 23 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members").

13.  Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because they and the Class Members share common issues of fact and law, including whether Defendants failed to pay overtime premiums in violation of federal and state wage and hour laws, and whether Defendants failed to keep accurate records of the hours Plaintiffs and Class Members worked. *See Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 615-16 (S.D.N.Y. 2012) (commonality satisfied where, among other allegations, plaintiffs claimed that defendant had policy of not paying all class members overtime pay); *Clark*, 2010 WL 1948198, at *3 (common issues that help to satisfy Rule 23 commonality requirement include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek; and…whether [Defendant] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked").

14.  Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Class Members' claims. *See Hernandez*, 2012 WL 5862749, at *3 (typicality satisfied where "[p]laintiffs' claims for overtime pay [arose] from the same factual and legal

5

circumstances that form[ed] the bases of the [c]lass [m]embers' claims"); *Morris*, 859 F. Supp. 2d at 616 (same).

15. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that the named Plaintiffs' and Class Members' interests are at odds. *See Morris*, 859 F. Supp. 2d at 616 (no evidence that named plaintiffs' and class members' interests were at odds).

16. In addition, Plaintiffs' Counsel, Fitapelli & Schaffer, LLP ("F&S"), and Shulman Kessler LLP ("SK") meet Rule 23(a)(4)'s adequacy requirement.

17. Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Hernandez*, 2012 WL 5862749, at *4 (common factual allegations and legal theory predominated over variations in wage and hour misclassification case); *Torres v. Gristede's Corp.*, No. 04 Civ. 3316 (PAC), 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiff "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages"). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Morris*, 859 F. Supp. 2d at 617; *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 161, 164 (S.D.N.Y. 2008).

### III. Appointment of Plaintiffs' Counsel as Class Counsel

19. For settlement purposes only, the Court appoints F&S and SK (together, "Plaintiffs' Counsel") as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia*, 250 F.R.D. at 165 (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type

asserted in the action, . . . counsel's knowledge of the applicable law, and ... the resources counsel will commit to representing the class") (internal quotation marks omitted).

20. Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims.

21. Courts have found F&S and SK to be adequate class counsel in wage and hour class and collective actions. *Tiro*, 2913 WL 2254551, at *3 (appointing F&S as class counsel as "F&S did substantial work identifying, investigating, prosecuting and settling the claims"); *Ryan v. Volume Services America, Inc.*, No. 652970/2012 (MLS), 2012 N.Y. Misc. LEXIS 932 (N.Y.Sup.Ct. Mar. 7, 2013) ("F & S are experienced employment attorneys with a good reputation among the employment law bar...."); *Girault v. Supersol 661 Amsterdam, LLC*, No. 11 Civ. 6835 (PAE), 2012 WL 2458172, at *2 (stating that F&S has "years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Lovaglio v. W&E Hospitality Inc.*, No. 10 Civ. 7351 (LLS), 2012 WL 1890381, at *2 (appointing F&S as class counsel because they "did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims"); *Matheson v. T-Bone Restaurant, LLC, et al.*, No. 09 Civ. 4214 (DAB), 2011 WL 6268216, at *3 (appointing F&S as class counsel based on their "substantial experience prosecuting and settling employment class actions, including wage and hour class actions"); *O'Dell v. AMF Bowling Centers, Inc.*, No. 09 Civ. 759 (DLC), 2009 WL 6583142, at *2 (appointing F&S as class counsel and finding them to be "experienced and well-qualified employment lawyers and class action lawyers" with "particular expertise in prosecuting and settling wage and hour class actions"); *Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561 (S.D.N.Y. 2012) (granting plaintiffs' motion for collective action certification); *Karic v. Major Automotive Companies, Inc.*, 799 F. Supp. 2d 219

(E.D.N.Y. 2011) (same); *Garcia v. Pancho Villa's of Huntington Village*, 81 F.R.D. 100, 107 (E.D.N.Y. 2011) ("the Court takes notice that Plaintiffs' counsel, Shulman Kessler LLP, are experienced labor and employment litigators, who have successful represented employees in numerous collective and class action lawsuits."); *Morris*, 859 F. Supp. 2d at 616 ("[Shulman Kessler LLP] have substantial experience prosecuting and settling wage and hour actions, are well-versed in wage and hour and class action law, have been class or lead counsel in numerous wage and hour class and collective actions.").

22. The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class' interests.

## IV. Notices

23. The Court approves the Proposed Notice of Proposed Settlement of Class Action and Fairness Hearing, and the Proposed Notice of Proposed Settlement of Collective Action Lawsuit and Fairness Hearing ("Proposed Notice"), which are attached as Exhibit B to the Schaffer Decl., and directs their distribution to the Class.

24. The content of the Rule 23 Notice fully complies with due process and Fed. R. Civ. P. 23.

25. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> The best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

19. The Rule 23 Notice satisfies each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *Johnson v. Brennan*, No. 10 Civ. 4712 (CM), 2011 WL 1872405, at *3. The Rule 23 Notice is also appropriate because it describes the terms of the settlement, informs the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *Hernandez*, 2012 WL 5862749, at *5.

## V. Class Action Settlement Procedure

   a. Within 14 days of this Order, Defendant will provide the Claims Administrator and Plaintiffs' Counsel with a list in electronic form, of the (1) names, (2) last known addresses, (3) last known telephone numbers, (4) social security numbers, and (5) dates of employment of each Class Member;

   b. Within 14 days of the date on which Defendant provides the Class List, the Claims Administrator shall mail, via First Class United States mail, postage prepaid, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing to all Class Members using each individual's last known address as recorded in Defendant's records;

   c. Rule 23 Class Members will have 45 days from the date the Notice is mailed to opt out of the settlement or object to it;

   d. Plaintiffs will file a Motion for Final Approval of Settlement no later than 15 days before the fairness hearing;

   e. The Court will hold a final fairness hearing on __1/16/14__ at __10__ a.m./p.m. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 18D;

   f. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" will be 30 days following the deadline for taking an appeal;

   g. If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be upon the Court's entry of a final order and judgment resolving any appeals;

  h. The Claims Administrator will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, the Service Awards, and the Claims Administrator's fee within 15 days of the Effective Date; and

  i. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this 3rd day of September, 2013.

                Hon. Hon. Ronald L. Ellis,
                United States Magistrate Judge